UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON-HASSAN JOHNSON-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:20-CV-1479-SRW |
| ) | |
| THOMAS J. MEHAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file and on self-represented Plaintiff Aaron-Hassan Johnson-Bey's (inmate no. 1215458) "Application to Perfect a Petition for Writ of Habeas Corpus Ad Testificandum." For the following reasons, this case will be dismissed without prejudice for Plaintiff's failure and express refusal to comply with this Court's October 15, 2020 Order.

**Background**

On October 13, 2020, self-represented Plaintiff Aaron-Hassan Johnson-Bey (inmate no. 1215458) filed a document titled "Conditional Acceptance for Value (CAFV) – Private Independent Administrative Process – Article 1 Redress of Grievance under Ninth Amendment Reservations for Resolution and Equitable Settlement under Necessity, in the Nature of Request for Proof of Claim/Discovery." ECF No. 1. This document is a twenty-three (23) page letter addressed to Assistant United States Attorney Thomas J. Mehan, in which Plaintiff appears to seek proof from Mr. Mehan that he was lawfully prosecuted in *United States v. Johnson*, Case No. 4:11-CR-378-CEJ.[1] Plaintiff also filed an eleven-page document titled "Affidavit and Declaration of

---

[1] On February 13, 2012, Plaintiff pled guilty to Interference with Interstate Commerce by Threats of Violence in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1951(a) and Brandishing a Firearm in Furtherance of a Crime of Violence

–1–

Final Notice of Default and Res Judicata," which he purports to have sent via certified mail to "Donald Trump D.B.A President of the United States Inc." in Washington D.C. This supplemental document states, in part, that Plaintiff is a "Free-Will Being Created in One's Creator's image with The Divine Breath of Life implanted therein and there to and 'without' the venue and jurisdiction of ANY and ALL 'ens legis' juridical constructs d.b.a. 'Government(s) of,' specifically and explicitly United States[.]" ECF No. 1-1.

On October 15, 2020, this Court issued an Order determining the above filings were defective as a complaint commencing a civil case because Plaintiff did not draft his claims against Defendant Mehan on a Court-provided form as required by Local Rule 2.06(A). ECF No. 3. The Court directed Plaintiff to file an amended complaint on a Court-provided form and to either pay the filing fee or submit an application to proceed without prepaying fees or costs within thirty (30) days of the date of the Order. *Id.* The Court advised Plaintiff that if he chose to submit an application to proceed without prepaying fees or costs, he would also need to submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint. *Id.* The Court warned Plaintiff that failure to comply with the Court's Order would result in dismissal of this action without prejudice and without further notice. *Id.*

Subsequent to the Court's Order, Plaintiff filed a sealed letter, dated October 25, 2020, addressed to the Clerk of Court. ECF No. 4. The letter purported to "reject" the Court's "offer" and expressed Plaintiff's intent to send additional documents to the Court, including a "private letter" and a "public affidavit." *Id.* Plaintiff filed two additional letters, both dated October 21, 2020, in which he "reject[ed] [the Court's] offer to contract and gain Venue" and stated he would

---

in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See United States v. Johnson*, 4:11-CR-378-CEJ, ECF No. 63. Plaintiff was sentenced to 171 months imprisonment in the United States Bureau of Prisons. *Id.* Richard G. Callahan and Thomas J. Mehan represented the United States of American in the criminal proceedings.

"continue [his] Private Administrative Process." ECF Nos. 5, 6. Plaintiff then submitted additional documents to the Court, dated November 1, 2020, titled "Cover Letter for Truth Affidavit in the Nature of Settlement Offer," "Letter of Rogatory-Explicit Reservation of All Rights re: Discharge and Closure of the Accounts in Claim or Case Number: 09SL-10002," "Letter of Rogatory-Explicit Reservation of All Rights re: Discharge and Closure of the Accounts in Claim or Case Number: 4:11-CR-378-CEJ," and "Truth Affidavit in the Nature of Settlement Offer." These documents appear to cite to the Uniform Commercial Code and request a "Discharge of all Debts – Public and Private." Plaintiff filed two more documents, dated November 12, 2020, titled "Cover Letter for Conditional Acceptance for Value Redraft" and "Conditional Acceptance for Value (CAFV) – Private Independent Administrative Process – Article 1 Redress of Grievance under Ninth Amendment Reservations for Resolution and Equitable Settlement under Necessity, in the Nature of Request for Proof of Claim/Discovery." ECF No. 8. The Court notes it is incredibly difficult to decipher the allegations in the above letters and documents as they contain no clear statements of facts nor a clear, valid legal authority or theory.

On November 19, 2020, Plaintiff filed a document titled, "Application to Perfect a Petition for Writ of Habeas Corpus Ad Testificandum." ECF No. 9. The caption of this filing lists the plaintiff as the "United States of America" and the defendant as the Plaintiff here, "Aaron Hassan Johnson." The body of the document states "that he wishes a Writ of Habeas Corpus Ad Testificandum to issue of this Honorable Court to the Warden and Records Office of the Northeast Correctional Center." This filing also includes a document entitled "Entry of Appearance and Application for Habeas Corpus Ad Testificandum," in which he "enters his appearance" as his own "authorized representative." *Id.* at 2.

**Discussion**

**A. Failure to Comply with Court Order**

The Court finds Plaintiff has failed to comply with this Court's Order, dated October 15, 2020, requiring him to file an amended complaint and to either submit a motion to proceed *in forma pauperis* or pay the full filing fee within the thirty (30) day timeframe allotted. None of the documents or letters Plaintiff submitted to the Court can be interpreted as an application to proceed without prepaying fees or costs or an amended complaint. In fact, Plaintiff appears to expressly indicate his refusal to comply with the Court Order by filing numerous documents stating he "rejects" the Court's "offer."

Local Rule 2.01(B) authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." Plaintiff has neither paid the filing fee nor submitted a motion to proceed without prepayment. Moreover, Plaintiff has not submitted an amended complaint on a Court-provided form as required by Local Rule 2.06(A). The Court provided Plaintiff with a blank 'Prisoner Civil Rights Complaint' form with its October 15, 2020 Order. The Court also warned Plaintiff that failure to comply with the Court's Order would result in dismissal of this action without prejudice and without further notice. As a result, this action will be dismissed for failure to comply with a Court Order. *See* Fed. R. Civ. P. 41(b).

To the extent Plaintiff's letters to the Court are an attempt to argue that his individual sovereignty excuses him from following the Local Rules or that he may "reject" an Order of the Court, such assertions lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See e.g., United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in tax case challenging government's

jurisdiction over "sovereign citizen"); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor"); and *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986) (rejecting appellants' challenge to personal jurisdiction on the basis that they were "Natural Freemen").

### B. Merits of Plaintiff's Arguments

The Court further notes that even if it were to review Plaintiff's claims against Defendant Mehan, as filed in the original handwritten complaint and supplemental documents, they would be subject to dismissal. This Court is required to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant Mehan is a federal official. Plaintiff cannot bring an official capacity claim against Defendant Mehan because *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), does not override the federal government's sovereign immunity, which prohibits suits against the United States, it agencies, or federal officers sued in their official capacities. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity"), *see also Phelps v. U.S. Federal Government,* 15 F.3d 735, 739 (8th Cir. 1994). Additionally, an individual capacity claim against Defendant Mehan based on the actions he took while initiating and pursuing a criminal prosecution of Plaintiff would also fail. Absolute immunity

protects him from such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). Moreover, Plaintiff's assertion that he is immune from prosecution under the UCC or exempt from the jurisdiction of the courts is not a basis for relief. See *Hart*, 701 F.2d at 750; *Benabe*, 654 F.3d at 761-67

### C. Petition for Writ of Habeas Corpus

The Court now turns its attention to Plaintiff's November 19, 2020 filing titled, "Application to Perfect a Petition for Writ of Habeas Corpus Ad Testificandum." ECF No. 9. The caption of this filing lists the plaintiff as the "United States of America" and the defendant as "Aaron Hassan Johnson." The body of the document states "that he wishes a Writ of Habeas Corpus Ad Testificandum to issue of this Honorable Court to the Warden and Records Office of the Northeast Correctional Center." It appears to the Court that Plaintiff wishes to file a separate action for a writ of habeas corpus under 28 U.S.C. § 2254. In general, a state prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus, and therefore must be brought pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus").

The Court will not allow plaintiff to proceed with a § 2254 action in this case, which

Plaintiff originally brought against Assistant United States Attorney Thomas J. Mehan. *See e.g.*, *Kriebel v. Poole*, No. 4:18-CV-01090-PLC, 2018 WL 6247269, at *4 (E.D. Mo. Nov. 29, 2018) (a § 2254 action must be filed separately from a civil action). Therefore, if plaintiff wishes to bring an action under 28 U.S.C. § 2254, plaintiff should file a separate action on a Court-provided form that the Clerk of Court will be directed to provide.

   Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Aaron-Hassan Johnson-Bey's "Application to Perfect a Petition for Writ of Habeas Corpus Ad Testificandum" is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a form petition for filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. If Plaintiff wishes to file a petition pursuant to § 2254, he must file it as a **separate** action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal would not be taken in good faith.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2020.

–7–